<hr />

THOMAS ROBERTS and others

*v.*

LORETO TRUJILLO and others.

January Term, 1884.

FORCIBLE ENTRY AND DETAINER—PLEADING—COMPLAINT.

In an action of forcible entry and detainer, a complaint alleging that plaintiffs are entitled to and possessed of the "entrances and exits" of a certain tract of land, and that the defendant illegally and by force entered upon the land, and withholds the same, makes no claim to the property, and will not sustain a judgment.

*C. H. Gildersleeve,* for plaintiffs in error.

*Fiske & Warren,* for defendants in error.

BELL, J.    This is an appeal from the judgment of the district court of Santa Fe county, entered therein by default. The action was orig-

inally brought in a justice's court for precinct No. 4 of said county. Judgment was there rendered against the defendants, the plaintiffs in error here. Appeal was taken to the district court for Santa Fe county, and there the appellants failing to docket their appeal, it was, under the rule, docketed by the appellees and the judgment of the justice's court affirmed by default. Had the attention of the chief justice who presided in the district court been called to the record, the motion to affirm the judgment would undoubtedly have been denied and the complaint dismissed.

The action is intended to be an action of forcible entry and detainer, but an examination of the complaint shows that it alleges nothing upon which such an action could be maintained. The language used in the complaint is that the plaintiffs "were legally entitled and possessed freely to the entrances and exits of a certain tract of land situated in precinct No. 4 of said county, and known and described as the entrances and exits of the house of Rosario Arias, and being thus legally entitled to the said entrances and exits upon said land, as above said, the said defendant Thomas Roberts, on or about the twentieth day of August, 1880, and in the county aforesaid, illegally and by force entered upon said land or tract of land and detained and kept the same in possession, and still keeps it in possession, against the plaintiffs," etc. This complaint is wholly insufficient, and no judgment could be properly rendered on it. It does not allege that the plaintiffs owned or were entitled to the possession of any lands or tenements whatever in that behalf. The only allegation is that they were entitled to "certain entrances and exits." What is meant by these words it is somewhat difficult to say. They may mean doors, or gates, or openings, or, perhaps, passages. By the construction most favorable to the plaintiffs, they might be held to mean a right of way over certain lands.

An action of ejectment or forcible entry and detainer does not lie to enforce such a right. *Child* v. *Chappell*, 9 N. Y. 246. It is incorporeal, and, of course, could not be delivered by the sheriff. An action on case may be sustained for its obstruction, (*Allen* v. *Ormond*, 8 East, 4,) or equity may be invoked to restrain interference, but no relief can be granted on the present form of action.

The judgment should be reversed and the complaint dismissed at the costs of the plaintiffs.

(All concur.)